# In the United States Court of Federal Claims
No. 23-322
Filed: April 18, 2024

|  |  |
|---|---|
| JACQUELINE R. SIMS D/B/A JRS STAFFING SERVICES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

*Jacqueline Sims*, *pro se*, for plaintiff.

*Daniel Bertoni*, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

**ORDER**

***SMITH*, Senior Judge**

      This pre-award protest comes before the Court on the parties' Cross-Motions for Judgment on the Administrative Record.  Plaintiff Jacqueline R. Sims, an individual and sole proprietor doing business as "JRS Staffing Services," challenges the terms of Request for Quotation No. 15BFA022Q00000022 (the "Solicitation") issued by the Federal Bureau of Prisons (the "Agency") to solicit spiritual services for the Life Connections Program Facilitator at the Federal Correctional Institution, Milan, located in Milan, Michigan.  *See generally* Second Amended Complaint, ECF No. 21.  Specifically, plaintiff challenges the Solicitation's process, or lack thereof, for notifying contractors in the event that their employees failed credit screening by the Agency.  *Id.* at 9–19.  In response, defendant, the United States of America, argues that the Agency adequately described rational procedures for evaluating employees' credit reports.  *See generally*, Defendant's Third Motion to Dismiss and Motion for Judgment on the Administrative Record, ECF No. 26.

      The Court finds in favor of the defendant for the same reasons set forth in *Sims v. United States*, No. 1:23-cv-00321 (Fed. Cl. Apr. 18, 2024), because the cases both present similar (if not the same) facts, issues, allegations, and legal reasoning.[1]  Therefore, the Court

---

[1] The primary differences between the two cases are factual: (1) the place of performance of the resultant contract (i.e., Milan, Michigan here versus Fort Worth, Texas there); and (2) the type of spiritual services procured (i.e.,

**GRANTS** defendant's MOTION for Judgment on the Administrative Record, ECF No. 26. The Court **DENIES** plaintiff's CROSS-MOTION for Judgment on the Administrative Record, ECF No. 32.  Because defendant's dispositive MOTION for Judgment on the Administrative Record is granted, defendant's other outstanding MOTIONS regarding dismissal, ECF Nos. 12, 16, 23, and plaintiff's MOTION for Leave to File Declaration, ECF No. 37, are **FOUND AS MOOT**.  The Clerk of Court is directed to enter judgment accordingly.

    **IT IS SO ORDERED.**

                                                          s/ *Loren A. Smith*
                                                          Loren A. Smith,
                                                          Senior Judge

---

one Life Connections Program Facilitator here versus three Life Connections Program spiritual guides there).  The Court finds these differences immaterial to resolve the issue(s) presented in both cases.